UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA WILLETT,

                Petitioner,                             **DECISION AND ORDER**
                                                                     No. 03-CV-6366(VEB)

     -vs-

J. BERBARY, Superintendent,

                Respondent.
_____

## INTRODUCTION

Dana Willett ("Willett" or "petitioner"), has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court (Monroe County) following a guilty plea. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

By indictment number 131/99, Willett was charged with one count of first degree assault, two counts of second degree assault, and one count of endangering the welfare of a child. Willett was offered a plea deal in which he would plead guilty to one count of first degree assault in exchange for a sentence promise of ten years. On July 20, 1999, petitioner pleaded guilty, admitting that between December 22, 1998, and January 18, 1999, he had caused a series of injuries (including a subdural hematoma, retinal hemorrhaging, and various fractures of the ribs and leg bones) to his one-month-old son. On July 27, 1999, petitioner was sentenced, as promised, to a determinate term of ten years in state prison.

On direct appeal, petitioner, represented by new counsel, argued only that his negotiated

sentence was harsh and excessive. The Appellate Division, Fourth Department, summarily affirmed the conviction on March 21, 2003. The New York Court of Appeals denied leave to appeal on May 23, 2003.

On July 10, 2003, petitioner filed a motion pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20, seeking to have his sentence set aside. He claimed (1) that his sentence was harsh and excessive; and (2) that his sentence should be set aside because the trial court failed to advise him that, in addition to the ten-year prison sentence, he also was subject to a mandatory period of five years of post-release supervision. *See* Respondent's Exhibit U at 83, attached to Respondent's Answer (Docket No. 7). Willett did not move to have his conviction vacated pursuant to C.P.L. § 440.10; the only relief he sought was to have his sentence set aside.

While this motion was pending, petitioner filed the instant petition for federal habeas corpus relief. *See* Petition (Docket No. 1). In paragraph 22 of the petition, which asked petitioner to state every ground on which he claimed he was being held unlawfully, petitioner wrote that "the defendant's sentence was harsh and excessive." *See* Petition at ¶22(A) (Docket No. 1). Under paragraph 23,[1] petitioner wrote, "There is the matter of 'post-[release] supervision' that was not a part of the sentencing courts sentence of the defendant, and it is being challenged in the lower (supreme court) court." Petition at ¶23 (Docket No. 1). Thus, it is apparent to this Court that petitioner sought to raise two grounds for federal habeas relief: (1) that his sentence was harsh and excessive; and (2) the trial court improperly failed to notify him of the mandatory period of post-release supervision. The first claim was exhausted at the time petitioner filed his

---

[1] Paragraph 23 of the form "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody" states, "If you [petitioner] did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them[.]"

petition; the second was in the process of being exhausted. On the same day that he filed his petition, petitioner also filed a motion to have his petition held in abeyance while he awaited a decision regarding his C.P.L. § 440.20 motion.

Respondent answered the petition on October 20, 2003. *See* Respondent's Answer and Memorandum of Law (Docket No. 7). Respondent admits that petitioner's claim that the sentence was harsh and excessive has been exhausted but asserts that it is not cognizable on habeas review. As to the second claim regarding the court's failure to notify petitioner of the period of post-release supervision, "respondent contends that this argument is just a further embellishment of petitioner's harsh and excessive sentence claim" *See* Respondent's Answer at 4 (Docket No. 7). Respondent also states that "this is an issue yet pending upon collateral review in State Court." *See id.* Then, respondent attempts to make an argument regarding the statute of limitations set forth in 28 U.S.C. § 2244, arguing that the C.P.L. § 440.20 motion did not toll the limitations period because it was not a "properly filed" motion for state court collateral relief since the motion court was required to deny it pursuant to C.P.L. § 440.10(2)(c). To the extent that the Court can make sense of this argument, it is incorrect; petitioner's motion was brought pursuant to C.P.L. § 440.20, not C.P.L. § 440.10. Finally, respondent states that it "waive[s] the exhaustion requirement and asks District Court to rule on this meritless claim." *See* Respondent's Answer at 3 (Docket No. 7).

On January 22, 2004, New York State Supreme Court (Monroe County) (Egan, J.) denied Willett's C.P.L. § 440.20 motion. The state court held that because the five-year period of post-release supervision is automatically included, pursuant to New York Penal Law § 70.45, in the sentence of a defendant convicted of a class B violent felony, it need not be specified at

sentencing. *See* Monroe County Supreme Court Order at 2, attached to Petitioner's Application for Amendment as a Matter of Course (Docket No. 14).[2]

On February 26, 2004, the Court (Payson, MJ) denied the motion to stay as moot since petitioner's C.P.L. § 440.20 motion had been denied on January 22, 2004, and, moreover, respondent had waived the exhaustion requirement. *See* District Court Order at 2 (Docket No. 15).

The matter is now fully briefed and ready for decision. Both claims have been fully exhausted and are properly before this Court. Moreover, any issues as to exhaustion are moot since respondent affirmatively has waived the exhaustion requirement.

For the reasons set forth below, the petition is granted.

## DISCUSSION

**Standard of Review**

To prevail under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1219 28 U.S.C. § 2254, codified at 28 U.S.C. § 2254(d), a petitioner seeking federal review of his conviction must demonstrate that the state court's

---

[2] The state court also declared that "[i]nsofar as Defendant's motion can be read as one to vacate the judgment of conviction due to the alleged involuntariness of his plea, because the issue of post-release supervision was susceptible of review based on the record, . . . C.P.L. § 440.10(2)(c) precludes . . . relief." Monroe County Supreme Court Order at 2 (citations omitted), attached to Petitioner's Application for Amendment as a Matter of Course (Docket No. 14). This Court has reviewed Willett's C.P.L. § 440.20 motion papers and they make no allegation that his plea was involuntary. Nor do they request that the judgment of conviction be vacated. *See* Respondent's Exhibit U (Docket No. 7). The Court, therefore, does not see how the state court or the prosecutor who opposed the C.P.L. § 440.20 motion could have interpreted Willett's papers in such a way. In any event, respondent here has not raised the affirmative defense of procedural default based on the state court's invocation of a state procedural bar rule (C.P.L. § 440.10(2)(c)) as a basis for rejecting this claim, and therefore respondent has waived the defense. *See Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999) ("There is no doubt that 'state-court procedural default . . . is an affirmative defense,' and that the state is 'obligated to raise procedural default as a defense or lose the right to assert the defense thereafter.'") (quoting *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996)). Moreover, even if respondent had raised it as a defense, the Court would have found, on the facts of this case, sufficient prejudice to excuse the default.

adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court.  *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 375-76 (2000).

**<u>Merits of the Petition</u>**

**1.      Harsh and excessive sentence**

Willett contends that his sentence of ten years in prison is unduly harsh and excessive because it is twice the legal minimum sentence authorized by New York's Penal Law for a class B violent felony offense. Willett also asserts that the trial court ignored the fact that he had no past criminal record. However, a petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range.  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *accord Ross v. Gavin*, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

In the present case, Willett pled guilty to one count of first degree assault, classified as a

class B violent felony under New York Penal Law. *See* N.Y. Penal Law § 70.02(1)(a). The court was required to impose a determinate term of imprisonment of at least five years and no more than twenty-five years. Willett's determinate sentence of ten years was well within the authorized statutory range. Therefore, the claim that his sentence was harsh and excessive does not present a federal constitutional question cognizable on habeas review.[3]

**2.      Improper Imposition of Post-Release Supervision**

Petitioner also contends that his sentence should be set aside because the trial court failed to inform him that a mandatory five-year period of post-release supervision ("PRS") would be added to his ten-year determinate sentence of imprisonment. The state court rejected this claim, holding that "because the five year period of post-release supervision is automatically mandated by statute for a Class B violent felony, it need not be specified at sentencing." Monroe County Supreme Court Order at 2 (citations omitted), attached to Petitioner's Application for Amendment as a Matter of Course (Docket No. 14). Because petitioner's claim was adjudicated on the merits by the state court, the AEDPA standard of review applies to its determination.

Willett's case is governed by the Second Circuit's recent decision in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). There, Earley, the petitioner, had pleaded guilty to attempted second degree burglary. Pursuant to the plea agreement, Earley was sentenced to six years in prison; no term of PRS following the six years of incarceration was included in the sentence announced in

---

[3]      Moreover, the term of ten years was a sentence to which petitioner agreed as a part of a plea-bargain. At the outset of his plea, petitioner knew that he was agreeing to a sentence of ten years, presumably to avoid trial and the possibility that a sentence after trial would take into consideration potentially adverse facts that might have been elicited during the trial. This conferred a benefit on petitioner in return for his plea of guilty. There is no evidence of coercion or any state conduct that might allow petitioner to claim that his plea was involuntary.

court by the judge or in the certificate of conviction signed by the court clerk.[4] Sometime between Earley's sentencing in February 2000 and February 2002, the New York State Department of Correctional Services ("DOCS") administratively added a five-year term of post-release supervision to his sentence without informing Earley.

In deciding *Earley*, the Second Circuit relied upon *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), in which a federal trial judge orally had sentenced the petitioner to eighteen months in prison and a $5,000 fine. The clerk of the court, following a local practice known to the court, added the condition that the petitioner remain in custody until his fine was paid. The Supreme Court in *Wampler* held that the clerk did not have the power to alter the sentence imposed by the judge, and, therefore, the added condition was void. *Wampler*, 298 U.S. at 464 ("The only sentence known to the law is the sentence or judgment entered upon the records of the court. . . . Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebutable presumption."); *accord Earley*, 451 F.3d at 74. The Supreme Court went on to state in *Wampler* that "a warrant of commitment [prepared by the clerk] departing in matter of substance from the judgment back of it is void. . . ." *Id.*; *accord Earley*, 451 F.3d at 74. The Second Circuit explained in *Earley* that *Wampler* had articulated the following holding: "The judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment." 451 F.3d at 75. Therefore, the Second Circuit concluded, *Wampler* "provide[d] clearly established Supreme Court precedent supporting Earley's claim."

---

[4] In 1998, the New York State Legislature amended the Penal Law by substituting a determinate sentence of imprisonment for an indeterminate sentence as the only authorized sentence of imprisonment to a State institution for a person sentenced as a first violent felony offender and, further, by adding a period of "post-release supervision" to all determinate sentences [N.Y. Penal Law § 70.45]. *See* McKinney's Penal Law Ch. 40, Pt. TWO, T. E, Art. 70, Refs & Annos.

*Id.* (citing *Greene v. United States*, 358 U.S. 326, 329 (1959) (quoting *Wamper*'s assertion that "the only sentence known to the law is the sentence or judgment entered upon the records of the court"); *Johnson v. Mabry*, 602 F.2d 167, 170 (8th Cir. 1979)). The only cognizable sentence, stated the Second Circuit, "is the one imposed by the judge[;] [a]ny alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect." *Id.*

I conclude that Earley is directly on point with Willett's case. As was the case in *Earley*, the term of post-release supervision was not included by the court when it announced Willett's sentence: In deciding Willett's C.P.L. § 440.20 motion, the trial court pointed out, "[t]he [sentencing] minutes fail to include any mention by any party or the Court of the applicable period of post-release supervision." Monroe County Supreme Court Order at 1. The trial court also noted that the record in Willett's case "indisputably demonstrates" that he was not advised of the period of applicable PRS. *Id.*

Willett's term of imprisonment was authorized not by the sentence as calculated by DOCS but by the judgment of the sentencing court. *Earley*, 451 F.3d at 75 (citing *Wampler*, 298 U.S. 465 ("The prisoner is detained, not by the virtue of the warrant of commitment, but on account of the judgment and sentence.") (citation and internal quotation marks omitted); *United States v. A-Abras Inc.*, 185 F3d 26, 29 (2d Cir. 1999) (holding that the written judgment of commitment is simply evidence of the oral sentence); *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974) (holding that the oral sentence constitutes the judgment of the court and that it is that sentence that provides the authority for the execution of the sentence); *Kennedy v. Reid*, 249 F.2d 492, 495 (D.C. Cir. 1957) (same); *Wilson v. Bell*, 137 F.2d 716, 721 (6th Cir. 1943) (same); *Hode v. Sanford*, 101 F.2d 290, 291 (5th Cir. 1939) (same)). The later addition to

Willett's sentence of the term of five years of post-release supervision by DOCS, a part of the executive branch, was a nullity since "[o]only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty." *Id.* (citing *Wampler*, 298 U.S. at 464). Thus, the state court's determination that the addition to Willett's sentence by DOCS was permissible is contrary to clearly established federal law as determined by the United States Supreme Court. *Id.*[5]

## CONCLUSION

Because clearly established Supreme Court precedent renders invalid the five-year period of post-release supervision administratively added to Willett's sentence without his notice, the Court grants Willett a writ of habeas corpus "excising the term of post-release supervision from [his] sentence and relieving him of any subsequent penalty or other consequence of its imposition." *Earley*, 451 F.3d at 75.[6]  This judgment is stayed until appeals, if any, are completed.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    October 16, 2006
          Rochester, New York.

---

[5] Unlike the State in *Earley*, respondent has not argued that a five-year PRS was mandated by the Penal Law and therefore necessarily part of Willett's sentence by operation of law. The Court notes that, in any event, the Second Circuit unequivocally rejected this argument in *Earley*. 451 F.3d at 76.

[6] The Court's ruling is not intended to preclude respondent from bringing a motion in the New York courts to have Willett's sentence modified to include the mandatory PRS term. *See Earley*, 451 F.3d at 77 & n.2.